RAWLS, Judge.
By this appeal, appellant, Frank Clark, challenges judgment of conviction and sentence for the crime of robbery.
This is a delayed appeal. The trial judge entered an order granting appellant the right to file a belated appeal because court-appointed counsel failed to timely file notice of appeal from the judgment of conviction. Subsequently, upon representation of the Public Defender that “counsel cannot in good conscience find error in the court’s judgment”, this Court directed that the transcripts be forwarded to appellant and granted him the right to pro se file assignments of error and brief in support thereof. Appellant has availed himself of this right and, by assignments of error, contends:
1. His trial attorney should have subpoenaed two named witnesses.
2. Insufficiency of the evidence to sustain the judgment of conviction.
3. He was not advised of his right to appeal by the trial court.
Salient facts adduced at the trial, which the jury was at liberty to believe, are: Appellant met the victim of the robbery charged at around 7:00 a. m. at a bus station lunchcounter; at the instigation of the victim, and from some place unknown, appellant bought two half-pints of whiskey which were consumed at the bus station by appellant, the victim and a porter; during this period of time appellant visited a friend named Alex who apparently was visiting in a house relatively, close to the bus station; Alex testified that, “He [Frank] said that he had a deal he could pull if he could find some girl to be with a white fellow, so I told him I didn’t know anyone. So he asked me would I go along with him, so I told him no.”; immediately thereafter Frank returned to the bus station and he and the victim went to a restaurant for breakfast; during their sojourn at the restaurant the two met up with an unidentified Negro male who had an automobile; the three departed from the restaurant ostensibly to carry the victim to his home; the unidentified Negro male was driving the automobile, with Frank in the rear seat; around 10:30 a. m. Frank showed up at a crap game with folding money in his pocket; and subsequently the victim showed up at a hospital with severe lacerations of his cranium. The victim was unable to positively identify Frank but testified that the man in the rear seat of the automobile hit him in the head and robbed him. Frank admitted being in the automobile but claimed that he departed therefrom prior to any robbery and thus someone else must have been the robber.
As to point 1, Frank contends that he was denied his Sixth Amendment rights due to the failure of his defense counsel to subpoena two additional witnesses, one who participated in the crap game and another who sold defendant some shoes that same afternoon. The testimony of the witnesses who were not called was that of a cumulative nature. There is some evidence that the testimony of one of these witnesses could have been harmful to Frank’s defense and his counsel exercised a proper discretion in failing to call them.
*910 We next consider the question of the sufficiency of the evidence. This record, as a whole, reveals opportunity and motive on the part of appellant, Frank. The evidence is overwhelming that Frank was attempting to “set up” the victim; that he knew the victim had money; that after leaving the restaurant, Frank departed in an automobile in the rear seat with the victim; and that the person occupying the rear seat of the automobile struck the victim in the head and robbed him. It was within the province of the jury to find from these facts that Frank committed the robbery.
It is obvious that the last point is moot since Frank has received a full appeal and, thus, any failure on the part of the trial court to advise him of his right to appeal is of no consequence.
The judgment of the trial court is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.